IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE N.E.C.A. - IBEW LOCAL 176 HEALTH, WELFARE, PENSION, VACATION, AND TRAINING TRUST FUNDS, <br><br> Plaintiffs, <br><br> vs. <br><br> JONES ELECTRICAL CONTRACTORS INC. An Illinois Corporation not in good standing, and RONALD JONES, Individually <br><br> Defendants. | No. 22-cv-4258 |

## COMPLAINT

Plaintiffs, **N.E.C.A. – IBEW LOCAL 176 HEALTH, WELFARE, PENSION, VACATION AND TRAINING TRUST FUNDS** ("the Funds"), by their attorney Paul M. Egan of ARNOLD AND KADJAN, LLP, complain against Defendants, **JONES ELECTRICAL CONTRACTORS INC.**, an Illinois Corporation not in good standing ("**JEC**") and **RONALD JONES,** Individually ("**JONES**") as follows:

### COUNT I

### JURISDICTION AND VENUE

1.   (a)   Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132 ("ERISA") and 29 U.S.C. 1145 as amended.

(b)   Venue is founded pursuant to 29 U.S.C. Section 1132(e) (2) in this district, where the Funds as described in Paragraph 2, are administered and 29 U.S.C. Section 185(c).

1

## PARTIES

2. (a) The Plaintiffs in this count are **N.E.C.A. – IBEW LOCAL 176 HEALTH, WELFARE, PENSION, VACATION AND TRAINING TRUST FUNDS** and have standing to sue pursuant to 29 U.S.C. 1132(a)(3).

(b) The Health, Welfare, Pension, Vacation and Training Trust Funds have been established pursuant to collective bargaining agreements heretofore entered into between the International Brotherhood of Electrical Workers Local 176 (the "Union") and certain employer associations whose members employ members of the Union.

(c) The Funds are maintained and administered in this judicial district in accordance with and pursuant to the provisions of ERISA and the National Labor Relations Act, as amended, and other applicable state and federal laws, and also pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds which are adopted and incorporated by reference into the collective bargaining agreement.

3. (a) **JEC**, an Illinois Corporation not in good standing employs employees represented by the Union and is bound to make contributions for hours and weeks worked by all employees and upon subcontractors who perform work which would otherwise be performed by employees.

(b) **JEC** has its principal place of business at 5611 W. Rachael Drive, Peoria, Illinois, 61615, within this judicial district.

(c) **JEC** is an employer engaged in an industry affecting commerce.

4. Defendant **RONALD JONES** is the owner of Defendant **JEC**, its president and principal shareholder.

5. Since on or about October 20, 2021, Defendant, **JEC,** executed a LETTER OF ASSENT, a copy of which is attached hereto as Exhibit A, which authorized the Eastern Illinois Chapter of the National Electrical Contractors Association, Inc. (hereafter "NECA") as **JEC**'s collective bargaining representative for all matters contained in or pertaining to the collective bargaining agreement then in force, and thereafter, between NECA and the Union.

6. Since before 1972, NECA, a multi-employer bargaining association authorized to negotiate and execute collective bargaining agreements on behalf of its members and authorizing employers, has entered into successive collective bargaining agreements with the Union on behalf of its members, including Defendant **JEC.**

7. By virtue of certain provisions contained in the collective bargaining agreements and Declarations of Trust, Defendant has agreed to make fringe benefit contributions on behalf of certain of its employees, calculated in relation to the gross wages of said employees, and when given reasonable notice by the Trustees of said Funds or the Trustees' representatives, has agreed to submit its books and records to an independent auditor to determine whether or not said Defendant is in compliance with its duties under ERISA, 29 U.S.C. §1132(g)(2)(A), the various collective bargaining agreements and the Declarations of Trust to which Defendant has assented.

8. In the event a delinquency is shown to be due and owing, Defendant has agreed to be liable for all costs, delinquency penalties, and reasonable attorneys' fees.

9. Independent of said Declarations of Trust to which Defendant has assented, Defendant is liable for reasonable attorney's fees and costs pursuant to 29 U.S.C. §1132(g)(2)(D), a twenty percent penalty in liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C)(ii), and prejudgment interest pursuant to 29 U.S.C. §1132(g)(2)(B).

10. Since October 20, 2021, Defendant, **JEC**, on information and belief, has admitted, acknowledged and ratified the collective bargaining agreements entered into between NECA and the Union by the filing of periodic report forms with the Funds and by its making some but not all of the periodic payments to the Funds as required by such agreements.

11. **JEC** has historically been a chronic delinquent to the Funds.

12. **JEC** has submitted fringe benefit report forms for the months of March, April, May, and June 2022 without payment totaling as follows:

| Month | Delinquent Benefits | $300 +10% | Total |
| --- | --- | --- | --- |
| March 2022 | $13,549.27 | $1,654.92 | $15,204.19 |
| April 2022 | $9,581.44 | $1,258.14 | $10,839.58 |
| May 2022 | $10,339.36 | $1,333.93 | $11,673.29 |
| June 2022 | $4,527.32 | $752.73 | $5,280.05 |
| **Totals** | **$37,997.39** | **$4,999.72** | **$42,997.11** |

13. Pursuant to the collective bargaining agreement and the Welfare and Pension Trust Agreements incorporated by reference therein, a delinquent Employer is required to pay $300 plus 10% of the delinquent amount as liquidated damages, interest, accountant and attorneys fees and court costs of collection on past due delinquencies.

WHEREFORE, based on the foregoing, Plaintiffs pray that this Honorable Court:

A. Pursuant to FRCP 54(b), this Court enter judgment on Count I in favor of the Plaintiffs and against **JONES ELECTRICAL CONTRACTORS INC.**, an Illinois corporation not in good standing, in the following amounts:

  (1) **$42,997.11**, the amount set forth as due and owing for the months March, 2022 through June 2022, as set forth in paragraph 12 above.

  (2) Any delinquency occurring during the pendency of the collection delinquencies of this suit.

 B. That Plaintiffs be awarded their costs herein, as follows:

  (1) Twenty percent in liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C)(ii), and the aforesaid collective bargaining agreements and trust declarations to which Defendant has assented;

  (2) A ten percent penalty pursuant to the collective bargaining agreements and trust declarations to which Defendant has assented;

  (3) Audit costs pursuant to 29 U.S.C. §1132(g)(2)(E), and the collective bargaining agreements and trust declarations to which Defendant has assented;

  (4) Attorneys' fees pursuant to 29 U.S.C. §1132(g)(2)(D), and the collective bargaining agreements and trust declarations to which Defendant has assented; and

  (5) Prejudgment interest pursuant to 29 U.S.C. §1132(g)(2)(B).

 C. That the Court grant such further relief as the Court may deem appropriate and necessary to protect the Funds' ability to collect the judgment including immediate injunctive relief and ordering Defendant to pay the funds prior to any other debt or payment.

 D. Pursuant to Rule 54(b) the Court determine there is no just reason for delay in enforcement of Count I.

## COUNT II

## DIRECTION OF AN AUDIT

1-13. Plaintiffs restate and reallege Paragraphs 1 through 13 of Count I as 1 through 13 of Count II as if fully set forth herein.

14. Pursuant to the Trust Agreements incorporated by reference into the collective bargaining agreement, the Funds possess the right and have the authority to audit the books and records of participating employers, like **JEC**, to examine payroll, tax and time records and such other records as the Trustees deem necessary to verify that the contributions required have been paid correctly and in full.

15. In the event the audit discloses delinquencies the Employer is liable for the amount of the delinquency, liquidated damages, accountant fees, attorney's fees and cost of collection.

16. The continued late payments, amount of acknowledged delinquency for such a limited time period, now paid, except for liquidated damages, and the length of time since a last formal audit was performed, form the basis for the request to audit to verify that no additional sums are owed or delinquent.

WHEREFORE, based on the foregoing, Plaintiffs pray that this Honorable Court:

A. Defendants be ordered to allow an audit of their books and records for the period from October 20, 2021 through the present.

B. That judgment be entered for Plaintiffs and against Defendant **JEC** in the amount shown to be due under the audit pursuant to 29 U.S.C. §1132(g)(2)(A) and the aforesaid Declarations of Trust.

C. That Plaintiffs be awarded their costs herein, as follows:

(1) Twenty percent in liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C)(ii), and the aforesaid collective bargaining agreements and trust declarations to which Defendant has assented;

(2) A ten percent penalty pursuant to the collective bargaining agreements and trust declarations to which Defendant has assented;

(3) Audit costs pursuant to 29 U.S.C. §1132(g)(2)(E), and the collective bargaining agreements and trust declarations to which Defendant has assented;

(4) Attorneys' fees pursuant to 29 U.S.C. §1132(g)(2)(D), and the collective bargaining agreements and trust declarations to which Defendant has assented; and

(5) Prejudgment interest pursuant to 29 U.S.C. §1132(g)(2)(B).

D. That pending final determination of this cause, Defendant **JEC** be enjoined from violating the aforesaid collective bargaining agreements and enjoined from failing to make timely payments to the Funds as set forth; and that upon final adjudication of the cause Defendant **JEC** be permanently so enjoined.

E. That the Court grant such further equitable relief as the Court may deems proper to protect the Funds' ability to collect the judgment including injunctive relief and ordering Defendant to pay the funds prior to any other debt or payment.

## COUNT III

## RONALD JONES, INDIVIDUALLY

1-13. Plaintiffs incorporate paragraph 1-13 of Count I as applicable and reiterate the same as if fully set forth herein.

14. Defendant **RONALD JONES** is an owner (president) of said Defendant **JEC,** an Illinois corporation not in good standing.

15. Defendant **RONALD JONES**, is president of **JEC**, and is personally liable for any unpaid contributions, costs and reasonable attorneys' fees arising from Plaintiffs' actions to collect said delinquency pursuant to Article VIII, Section 1 of Amendment No. 3 of the Pension Fund Declarations of Trust and, Article I, Part V, Section 5 of the Health and Welfare Fund Declarations of Trust, to which both he and Defendant **JEC** have assented, is personally liable for any unpaid contributions, costs and reasonable attorneys' fees arising from Plaintiffs' actions to collect said delinquency, to wit,

> "Where an audit discloses a difference between hours actually worked by an Employee and hours reported to the Trust by his Employer, and where such audit discloses any willful violation of any of the requirements of this Trust Agreement or rules and regulations adopted in connection herewith, the officers and directors of such Employer, if a corporation, or the owner or partners of such Employer, as applicable, shall be personally liable for any underpayment or other pecuniary loss to the Fund attributable to such conduct."

16. Plaintiffs, on information and belief, submit that Defendant **JEC** and thereby Defendant **RONALD JONES,** personally and individually has engaged in willful violation of these provisions and is therefore personally liable for any unpaid contributions.

WHEREFORE, based on the foregoing, Plaintiffs pray that this Honorable Court:

A. Pursuant to FRCP 54(b), this Court enter judgment on Count III in favor of the Plaintiffs and against **RONALD JONES,** personally and individually, in the following amounts:

    (1) **$42,997.11**, the amount set forth as due and owing for the months March 2022 through June 2022, as set forth in paragraph 12 above.

    (2) Any delinquency occurring during the pendency of the collection delinquencies of this suit.

B. Defendants be ordered to allow an audit of their books and records for the period from August 1, 2017 through the present.

C. That judgment be entered for Plaintiffs and against Defendant **RONALD JONES,** personally and individually, in the amount shown to be due under the audit pursuant to 29 U.S.C. §1132(g)(2)(A) and the aforesaid Declarations of Trust.

D. That Plaintiffs be awarded their costs herein, as follows:

(1) Twenty percent in liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C)(ii), and the aforesaid collective bargaining agreements and trust declarations to which Defendant has assented;

(2) A ten percent penalty pursuant to the collective bargaining agreements and trust declarations to which Defendant has assented;

(3) Audit costs pursuant to 29 U.S.C. §1132(g)(2)(E), and the collective bargaining agreements and trust declarations to which Defendant has assented;

(4) Attorneys' fees pursuant to 29 U.S.C. §1132(g)(2)(D), and the collective bargaining agreements and trust declarations to which Defendant has assented; and

(5) Prejudgment interest pursuant to 29 U.S.C. §1132(g)(2)(B).

E. That pending final determination of this cause, Defendant **RONALD JONES** personally and individually, be enjoined from violating the aforesaid collective bargaining agreements and enjoined from failing to make timely payments to the Funds as set forth; and that upon final adjudication of the cause Defendant **RONALD JONES** be permanently so enjoined.

F. That the Court grant such further equitable relief as the Court may deems proper to protect the Funds' ability to collect the judgment including injunctive relief and ordering Defendant

to pay the funds prior to any other debt or payment.

                                  TRUSTEES OF THE N.E.C.A. – IBEW LOCAL 176
                                  HEALTH, WELFARE, PENSION, VACATION, AND
                                  TRAINING TRUST FUNDS

                                  <u>s/Paul M. Egan</u>
                                  Attorney for Plaintiffs

Paul M. Egan
ARNOLD AND KADJAN, LLP
35 E. Wacker Drive, Suite 600
Chicago, IL 60601
Telephone No.: (312) 236-0415
Facsimile No.: (312) 341-0438
Dated: August 12, 2022
pe@aandklaw.com